**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SANDERS L., <br><br> Plaintiff, <br><br> v. <br><br> N.J. STATE PAROLE BOARD, et al., <br><br> Defendants. | Civil Action No. 20-5148 (MAS) (LHG) <br><br> **OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Michael Sanders L.'s civil complaint. (ECF No. 1.) As Plaintiff has previously been granted *in forma pauperis* status in this matter (*see* ECF No. 2), this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

**I.   BACKGROUND**

In February 2019, while serving a portion of his parole term at a drug treatment facility, Plaintiff was accused by a member of the facility's staff of possessing a controlled substance. (ECF No. 1 at 5.) That staff member reported this issue to Plaintiff's Parole Officer, Defendant Leak, who discharged him from the facility and took him into custody on a parole violation. (*Id.*) While the complaint is not entirely clear, it appears that Defendant Leak also took possession of what was purported to be a controlled substance from facility staff. (*Id.*) Plaintiff was thereafter

put into revocation proceedings, which resulted in his receiving a fourteen-month parole revocation term arising out of what Plaintiff contends were false reports made by an unidentified hearing officer finding that Plaintiff did possess a controlled substance – "[t]he drug K/2." (*Id.* at 6.) Plaintiff contends that no test identifying the seized substance was actually performed, and that these findings were fraudulent. He further contends that the denial of his appeals of that issue to the full Parole Board indicates that the Board "conspired" to place him in prison for an offense he did not commit. (*Id.*) Plaintiff therefore seeks to bring suit against Defendant Leak for false arrest, and against the Board for either malicious prosecution or some similar species of Due Process violation. Plaintiff does not name any additional Defendants, but does state in his complaint that some aspect of his case, presumably the parole violation, was "overturned and vacated" in January 2020. (*Id.* at 5.)

## II.     **LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual

allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability, "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**III.   DISCUSSION**

In his complaint, Plaintiff seeks to raise a false arrest claim against Defendant Leak and what appears to be a malicious prosecution or similar federal civil rights claim against the N.J. State Parole Board. The Parole Board, however, is a state agency and arm of the government of New Jersey which is absolutely immune from suit under 42 U.S.C. § 1983, the statute which gives rise to Plaintiff's claims. *See, e.g., Harris v. N.J. Parole Bd.*, No. 18-3752, 2019 WL 293232, at *2-3 (D.N.J. Jan. 23, 2019). Plaintiff's claim against the Parole Board is therefore dismissed with prejudice.

Plaintiff's false arrest claim is also deficient. To state a claim for false arrest under § 1983, a plaintiff must plead that he was arrested without probable cause. *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). Although Plaintiff asserts that he believes Defendant Leak lacked probable cause to arrest him, he pleads that Leak was informed by facility staff that Plaintiff was found in possession of a suspected controlled substance and that Leak was apparently provided with this substance. While Plaintiff does allege that this substance was, contrary to the findings of his hearing officer, never tested, the failure to test the suspected controlled substance occurred after the allegedly improper arrest had been completed. Though Plaintiff pleads that Leak was told that Plaintiff possessed a controlled substance, and that a suspected substance was seized, he fails to plead facts indicating that Leak did not have probable cause to initiate parole revocation hearings against him on that basis. Plaintiff's false arrest claim therefore fails to state a plausible claim for relief in its current form.

Finally, in addition to the two claims he raises, Plaintiff also states in his complaint that he wishes to have his parole supervision term vacated, although he does not connect that supervision term to any of the claims he currently raises. Even if the parole term were connected to his current claims, however, a civil rights action is not the proper mechanism through which to challenge aspects of a prisoner's conviction and sentence – such a challenge can only be raised in federal court through a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (§ 1983 may not be used to challenge "the fact or duration of [criminal] confinement"); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) ("a . . . prisoner's [civil rights] action is barred (absent prior invalidation [of his period of detention]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration"). To the extent Plaintiff wishes to challenge his parole

4

supervision term, he may not do so through this civil rights matter, and any such challenge is therefore dismissed without prejudice to Plaintiff's filing of a habeas corpus action.

### IV. CONCLUSION

For the reasons expressed above, Plaintiff's § 1983 claim against the New Jersey Parole Board is dismissed with prejudice, and Plaintiff's false arrest claim against Defendant Leak is dismissed without prejudice. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**